

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,610-01

### EX PARTE LEONARD WAFER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 31,328-CR IN THE 13TH DISTRICT COURT FROM NAVARRO COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Wafer v. State*, No. 10-07-00367-CR (Tex. App.—Waco Aug. 12, 2009) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered ineffective assistance

because he failed to investigate or subpoena a motel clerk and to argue at punishment that Applicant voluntarily released the complainant in a safe place. TEX. PENAL CODE § 20.04(d).

On September 23, 2015, we remanded this application for a response from trial counsel and further findings of fact and conclusions of law. On remand, counsel filed a sworn affidavit and stated that he interviewed the motel clerk and made a strategic decision not to subpoena or call him as a witness. The trial court made further findings and conclusions and recommended that we deny relief. We believe that the record is not sufficient to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to state the reasons for his strategic decision not to subpoena or call the motel clerk as a witness. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make further findings and conclusions as to whether the motel clerk was available as a witness, counsel was deficient for not subpoenaing or calling him as a witness, and but for this alleged deficient conduct, there is a reasonable probability that the result would have been different in Applicant's case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and

appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish